# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 27, 2011

No. 11-20277
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR MEJIA DIAZ, also known as Oscar Diaz Mejia, also known as Oscar Diaz-Mejia, also known as Oscar Mejia-Diaz, also known as Oscar Mejia, also known as Pedro Gutierrez, also known as Leonides Mejia, also known as Leonides Diaz Mejia, also known as Marcos Torres Mejia, also known as Leonides Metia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-834-1

Before DAVIS, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Oscar Mejia Diaz pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2) and was sentenced to a 29-month term of imprisonment, near the top of the applicable sentencing guidelines range of 24 to 30 months. He argues on appeal that his sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) and that the sentencing court failed to consider his estranged wife's poor health and the needs of their children. He properly acknowledges that his argument that the illegal reentry guideline is "penologically flawed" and lacks an empirical basis is foreclosed by circuit precedent. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

When, as here, the district court has imposed a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 351 (2007). Review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). Mejia Diaz has not shown that the sentencing court considered any irrelevant or improper factors or that the court made a "clear error of judgment" in weighing the § 3553(a) factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has failed to demonstrate that his sentence is unreasonable. *See Rita*, 551 U.S. at 347, 351.

AFFIRMED.